### GERTRUDE B. MURRAY, RESPONDENT, *v.* THE NEW YORK LIFE INSURANCE COMPANY, APPELLANT.

*Policy of life insurance — condition of, avoiding it if the assured should die while violating the law — construction of such condition when a question for the jury.*

In an action upon a policy of life insurance, it appeared that, in pursuance of a preconcerted scheme, the assured and his brother attacked one Berdell in a railway depot, the brother holding Berdell from behind, and the assured attacking him in front. During the struggle, Berdell drew a pistol, whereupon the assured jumped over a counter, and had run away some thirty-three feet, crying to his brother to hold Berdell, when the latter fired at him, and inflicted a fatal wound. The policy provided that it should become void if the person whose life was thereby insured " shall die in, or in consequence of a duel or of the violation of the laws of any Nation, State or Province."

*Held,* that the question, whether or not the affray had actually terminated at the time the assured was shot, was properly left to the jury, and that a verdict in favor of the plaintiff would not be disturbed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought to recover upon two policies of life insurance, issued by the appellant upon the life of the plaintiff's husband, Wisner Murray, one for $5,000 and the other for $1,000.

Each policy provided that "if the person whose life is hereby insured * * * shall die in, or in consequence of, a duel, or of the violation of the laws of any Nation, State or Province, * * * then, and in every such case, this policy shall be null and void."

The death of the assured was caused by a pistol shot, fired by Robert H. Berdell, shortly after the said assured had assailed said Berdell with a cowhide, and afflicted several blows upon him.

It was claimed on the trial, by the respondent, that the assured, when the mortal wound was inflicted upon him, had desisted from the assault, and had fled from the place of its commission, and that the shooting was not necessary for self-protection, or legally justifiable, but was purely an act of revenge.

On the other hand, the appellant claimed that the pistol was fired by Berdell during the actual continuance of the assault, or in such consequence of the act of the assured as, in legal contemplation, avoided the policy.

*Evarts, Southmayd* and *Choate,* for the appellant.

*Charles H. Winfield,* for the respondent.

DYKMAN, J.:

Plaintiffs husband's life was insured by defendant, and this action is brought to recover the amount of two policies.

He and his brother went to a railway depot and attacked a Mr. Berdell. By a seemingly pre-arranged plan, the deceased was to do the beating, while his brother held Berdell. This was carried out; the deceased was striking Berdell, while his brother was

behind and holding Berdell's arms. Berdell, while struggling to get free, drew a pistol. Upon this, the deceased ran, jumped over a counter in the depot, crying hold him ! and had put about thirty-three feet between him and Berdell, when Berdell discharged the pistol inflicting the fatal wound.

The defence was, that the circumstances of his death constituted a breach of a condition of the policies, as follows :

If the person whose life is hereby insured shall die in, or in consequence of * * * the violation of the laws of any nation, State or province," then the policy to be void.

The first exception is to the denial of the nonsuit. No grounds for the request are specified in the case. The facts stated above were in evidence and presented this question for the jury. Did the deceased run with intent to abandon the affray and flee the pistol in Berdell's hands, or to gain a new position to continue the fight? This motion was properly denied.

The same answer is made to the exception to the refusal to charge " that the affray in question was not over, while Spencer Murray held Mr. Berdell," and " that, on the facts in evidence, the plaintiff is not entitled to recover."

The remaining exception is to the refusal to give the defendant the affirmative. We think the refusal right. The answer admits a contract of insurance, not as alleged however, but demands that proof of the terms and conditions of the contract be made by production and identification of the original policies. This put the plaintiff to proof, and gave him the affirmative.

Judgment and order denying motion for new trial on minutes affirmed, with costs and disbursements.

PRATT, J. :

The admission in the answer, of the making of the policy, was not full enough to dispense with the production of it by the plaintiff upon the trial. The necessity of putting it in evidence, therefore, gave to the plaintiff the affirmative of the issue.

The remaining question, and one on which the case turns, is whether, at the time the shot which killed the assured was fired, the affray, in which he and his brother had been engaged with Mr. Berdell, had actually terminated. The evidence that a gross

assault and battery were made by the assured and his brother upon Mr. Berdell, that the assured was the principal assailant, being aided in the commission of the offence by his brother,. and that a moment before the shot was fired, the assured had desisted from his offence, and had fled from the spot where it occurred, thirty-three feet distant therefrom, is uncontroverted. The evidence on the question whether the brother had also desisted from the offence, before the shot was fired, was contradictory. It was not error, therefore, to submit that question to the jury.

The circuit judge did so in an unexceptional manner. The verdict of the jury establishes the fact that the affray had ended when the shot was fired. That being the case, we think that the assured was not killed in, or in consequence of, the affray, according to the meaning which has been attributed to similar language in other cases. (*Goetzman* v. *Ct. Life Ins. Co.*, 3 Hun, 512; *Bradley* v. *Mutual Benefit Life Ins. Co.*, 45 N. Y., 422.) The provocation for the killing of the assured, no doubt, was extreme ; but if it fell short of affording a justification of the homicide, the death of the assured was not, in a legal point of view, the consequence of the violation of law committed by the assured.

Whether the circumstances were such as to justify the killing was, in any view that can be taken of the evidence, a question of fact to be determined by the jury. Their verdict is and ought to be conclusive, whatever our own opinion on the subject may be.

The judgment and order appealed from should be affirmed.

Present — DYKMAN and PRATT, J., BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.